Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5434 | **DATE** | 9/26/2001 |
| **CASE TITLE** | Cyborski vs. Computer Credit, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM OPINION AND ORDER. Computer Credit's motion for summary judgment is granted and Cyborski's motion for summary judgment is denied.
(11) ✓ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 27 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 76 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOANN CYBORSKI )
)
      Plaintiff, )
)
v. ) No. 98 C 5434
)
COMPUTER CREDIT, INC., ) Judge George M. Marovich
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Joann Cyborski ("Cyborski") filed this action against Defendant Computer Credit, Inc. ("Computer Credit") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(g) ("§ 1692"). Both parties now move for summary judgment. For the reasons set forth below, Computer Credit's motion is granted and Cyborski's motion is denied.

## BACKGROUND

Unless otherwise noted, the following facts are undisputed. Computer Credit was retained by Ingalls Memorial Hospital to send debt collection notices to patients with outstanding balances. Computer Credit sent such a notice to Cyborski, who owed the hospital $23.97. The following is the text contained on the front of the letter in its entirety:

> This notice will serve to inform you that your overdue balance with Ingalls Mem. Hospital has been referred to Computer Credit,

1

76

Inc. The hospital insists on payment or a
valid reason for your failure to make payment.
The law prohibits us from collecting any
amount greater than the obligation stated
above. Unless you notify us to the contrary,
we will assume the amount due is correct.
This communication is sent to you in an
attempt to collect this debt. Any information
obtained will be used for that purpose. In
the absence of a valid reason for your failure
to make payment, pay the above debt or contact
the hospital to settle this matter. Payment
should be sent directly to the hospital.

Directly beneath the signature line, in the same size font as the text of the letter, and in all caps it reads: "PLEASE SEE IMPORTANT NOTICE ON BACK." This phrase is set off on each side with lines that extend out to the margin of the letter. On the reverse of the letter there is a note directed at Colorado consumers and a note directed to Texas consumers. In the middle of the page there is a note set off in a double outlined box entitled NOTICE TO ALL CONSUMERS. That note, in the same color and size font as the body of the letter reads:

This debt will be assumed to be valid unless
you dispute the validity of the debt, or any

portion thereof, within thirty days after receipt of this notice. If you notify us, in writing, within this thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment, as applicable, and a copy of such verification or judgment will be mailed to you. Upon written request within the thirty-day period, we will provide you with the name and address of the original creditor if different from the named creditor.

Cyborski filed an Amended Class Action Complaint ("Complaint") alleging that Computer Credit violated the FDCPA by sending her this letter to collect her hospital debt.

## DISCUSSION

### I. Standards for Summary Judgment

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The record "and all reasonable inferences drawn from it [are to be viewed] in the light most favorable to the party opposing the motion." Bisciglia v. Kenosha Unified Sch. Dist. No. 1, 45 F.3d 223, 226 (7th Cir. 1995).

II. <u>FDCPA Claim</u>

Section 1692g of the FDCPA requires that an initial collection letter seeking to collect a debt include an effective "validation notice." 15 U.S.C. § 1692g. This notice must inform debtors that they have thirty days to dispute the validity of all or a portion of the alleged debt. If the debt is not disputed within that time, then the collector may assume the debt is valid and proceed to collect it. <u>Avila v. Rubin</u>, 84 F.3d 222, 226 (7th Cir. 1996). In order to satisfy the validation requirement, this notice "must be conveyed effectively to the debtor." <u>Swanson v. Southern Or. Credit Serv., Inc.</u>, 869 F.2d 1222, 1225 (9th Cir. 1989). Thus, the letter cannot contain other language which contradicts or overshadows the notice causing a debtor to be confused about his rights. <u>Graziano v. Harrison</u>, 950 F.2d 107, 111 (3d Cir. 1991). The validation notice also should not be obscured by typeface, color, size or other typographical devices. <u>See</u> <u>Swanson</u>, 869 F.2d at 1225.

To determine whether a collection letter violates § 1692g, the Seventh Circuit has instructed the Court to view messages from debt collectors through the eyes of the "unsophisticated consumer." <u>Avila</u>, 84 F.3d at 226; <u>see</u> <u>Gammon v. G.C. Servs. Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994) (rejecting the "least sophisticated consumer" test used by other courts). This standard is designed to protect "the consumer who is uninformed, naive, or trusting, yet it admits an objective element of

4

reasonableness. The reasonableness element in turn shields complying debt collectors from liability for unrealistic or peculiar interpretations of collection letters." Gammon, 27 F.3d at 1257. "Although this standard is relatively low, the reasonableness element means that the Court need not consider the debtor to be a fool or an idiot." Young v. Meyer & Njus, P.A., 953 F. Supp. 238, 240 (N.D. Ill. 1997) (citing Vaughn v. CSC Credit Servs., No. 93 C 4151, 1995 WL 51402, at *2-3 (N.D. Ill. Feb. 3, 1995)).

To clarify what form of words would constitute a valid collection letter under § 1692g, the Seventh Circuit created "safe harbor" language. Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997). In Bartlett, the Court drafted a form letter and clearly cautioned: "Debt collectors who want to avoid suits by disgruntled debtors standing on their statutory rights would be well advised to stick close to the form that we have drafted. It will be a safe haven for them, at least in the Seventh Circuit." Id. The paragraph of the Bartlett letter which deals with verification states as follows:

> Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, I'll assume that it's valid. If you do dispute it--by notifying me in writing to that effect-I will,

5

> as required by the law, obtain and mail to
>
> you proof of the debt.

<u>Id.</u> This Court finds that the language at issue parallels the Seventh Circuit's safe haven language.

The only two notable differences between Computer Credit's letter and the safe haven letter are: 1) the use of we instead of I when referring to the debt collector; and 2) the placement of the validation language on the reverse of the letter rather than in the text itself. As to the first difference, Plaintiff claims that the use of the term "we" causes the language to become "passive voice" causing a greater likelihood of confusion as to whom she should contact regarding verification. This Court sees no greater danger of ambiguity with the use of the term we than with I. The term we still clearly refers to author of the letter which is undoubtedly Computer Credit. The letter is sent on Computer Credit letterhead and indicates immediately that the debt has been referred to Computer Credit for collection purposes. Thus, even the unsophisticated consumer would know that Computer Credit should be contacted for verification.

The second difference between the present letter and the safe harbor letter is that the verification language appears in the text of the safe harbor letter and on the reverse of Computer Credit's letter. However, Computer Credit's letter clearly states on its face, in all caps, in the same font as the letter text, and set off with lines on each side extending across the

6

face of the letter: PLEASE SEE IMPORTANT NOTICE ON BACK. On the reverse, the "Notice to All Consumers," which sets forth the § 1625 disclosure, is again in the same readable font as the body of the letter and is additionally highlighted through the use of a double outlined box surrounding the text of the notice. While some courts have found violations of § 1692g when notices were placed on the reverse of the letter, those cases either did not provide sufficient notice on the front to alert the consumer of the important notice on the back, see, e.g. Rabideau v. Management Adjustment Bureau, 805 F. Supp. 1086, 1093-94 (W.D.N.Y. 1992)(holding sentence directing reader to see notice on the reverse, which was in small type at the very bottom of the letter, failed to meet § 1692 standards), or the companies had in addition to placing the notice on the back also tried to bury it through faint text, small font or other typographical tactics. See, e.g. Vaughn, 1995 WL 51402, at *4 (holding the legibility of a verification notice printed on the reverse of a letter in light grey ink a matter of fact for jury determination). This Court finds that the language of Computer Credit's letter falls safely within the harbor created by the Seventh Circuit and, accordingly, this Court finds that the letter provides a sufficient validation notice as required by §1692.[1]

---

[1] Similar and identical letters have been previously held to be valid § 1692 notices by the Sixth Circuit and the Southern District of Ohio. See Powell v. Computer Credit, Inc., 975 F. Supp. 1034 (S.D. Ohio 1997), aff'd 1998 WL 773989 (6th Cir.

7

## CONCLUSION

For the foregoing reasons, Computer Credit's motion for summary judgment is granted and Cyborski's motion for summary judgment is denied.

ENTER:

*[signature]*
GEORGE M. MAROVICH
UNITED STATES DISTRICT JUDGE

DATED: Sept. 26, 2001

---

1998); <u>Smith v. Computer Credit, Inc.</u>, No. C-3-97-92 (S.D. Ohio, Nov. 10, 1997), <u>aff'd</u> 167 F.3d 1052 (6th Cir. 1999).